IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MONICA TORRES,

      Plaintiff,

     vs.                                 Civ. No. 18-599  KK/KBM

TOWN OF BERNALILLO, BERNALILLO
POLICE DEPARTMENT and CHIEF TOM
ROMERO, in his individual and representative
capacity,

      Defendants.

## ORDER TO SHOW CAUSE

**THIS MATTER** comes before the Court *sua sponte*, and upon its review of the pleadings in this case.  The Court has a duty to determine whether subject matter jurisdiction exists.  *See Turk v. United States Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988).  Plaintiff states in her Complaint that she brings her claims "pursuant to NMSA § 28-1-13, NMRCP 1-076, the New Mexico Constitution, the New Mexico State Tort Claims Act, NMRA 1978 §§ 41-4-1 et seq., and the laws of the State of New Mexico." (Doc. 2-1 ¶ 1.)  Defendants removed Plaintiff's lawsuit from the Thirteenth Judicial District Court to this Court pursuant to 28 U.S.C. § 1331. (*See* Doc. 1.)  "[T]o find jurisdiction under 28 U.S.C. § 1331, two conditions must be satisfied.  First, a question of federal law must appear on the face of plaintiff's well-pleaded complaint." *Nicodemus v. Union Pac. Corp.*, 318 F.3d 1231, 1235 (10th Cir. 2003), *opinion reinstated in part*, 440 F.3d 1227 (10th Cir. 2006) (citing *Rice v. Office of Servicemembers' Grp. Life Ins.*, 260 F.3d 1240, 1245 (10th Cir. 2001)).  "Second, plaintiff's cause of action must either be (1) created by federal law, or (2) if it is a state-created cause of action, 'its resolution must necessarily turn on a substantial question of federal law.'" *Id.* (quoting *Rice*, 260 F.3d at 1245 (internal citation omitted)).

In their Notice of Removal, Defendants asserted that the complaint raises "claims or rights arising under the Constitution of the United States," and "is a civil action over which this Court has jurisdiction pursuant to the Civil Rights Act of 1964; Title VII and related federal laws, and which is removable by Defendants under the provisions of 28 U.S.C. § 1441, in that the claims or a portion of the claims arise under federal law." (Doc. 1 at 1, 2.)  The Court notes that Plaintiff's gender-based discrimination claim does not reference that it is brought under federal law.  Plaintiff does not mention Title VII or any other federal or statutory or constitutional provision anywhere in her Complaint or in her response brief to Defendants motion to dismiss.  Having read the Complaint and considered the notice of removal and the Plaintiff's response brief, federal question jurisdiction is not clear.  In order to "afford the parties a full and fair opportunity to litigate the question of subject-matter jurisdiction[,]" *Nicodemus*, 318 F.3d at 1235, the Court will require the parties to show cause why this case should not be remanded for lack of subject matter jurisdiction.  The parties shall file a response to this Order to Show Cause no later than Wednesday, November 7, 2018.  Replies to the responses, if any, shall be filed no later than Wednesday, November 14, 2018.

_____
**KIRTAN KHALSA**
**United States Magistrate Judge**